IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

BOHMUELLER & HLADIK, P.C.
By: Stephen M. Hladik, Esquire
Attorney Identification No. 66287
1595 Sumneytown Pike
P.O. Box 148
Mainland, PA 19451-0148
(215) 855-4165
Attorney for Plaintiff

INTEGRITY, INC.
45 John Street
Suite 711
New York, NY 10038

    Plaintiff,

v.    No. **4: CV 03 0888**

CLUB FREEDOM, INC.
700 Galen Drive
State College, Pennsylvania

and

DAYTON G. SAUERMAN
700 Galen Drive
State College, Pennsylvania,
    Defendants.

FILED
SCRANTON
MAY 2 3 2003

Per_____
  DEPUTY CLERK

## COMPLAINT

Integrity, Inc. ("Integrity") hereby complains against Dayton G. Sauerman ("Sauerman") and Club Freedom, Inc. ("Club Freedom"), as follows:

## PARTIES

1. Integrity is a New York corporation having a principal place of business at 45 John Street, Suite 711, New York City, New York 10038.

2. Club Freedom is a Pennsylvania corporation, incorporated on November 19, 2001, and having a principal place of business registered at 700 Galen Drive, State College, Centre County, Pennsylvania. Club Freedom maintained a mailing address at P.O. Box 1087, State College, PA 16804.

3. Sauerman is an adult individual residing at 700 Galen Drive, State College, Pennsylvania. At all times relevant to this complaint, Sauerman was an officer of Club Freedom, and controlled the bank accounts of Club Freedom.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over this action pursuant to 28 USC § 1332 because the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between parties who are citizens of different States.

5. Venue in this district is proper pursuant to 28 USC § 1391(a) because jurisdiction is founded only on diversity of citizenship and the action may be brought only in a judicial district where any defendant resides, if all defendants reside in the same State.

## FACTS

6. Neil Telafor ("Telafor"), Ginger Normoyle ("Normoyle") and Sauerman jointly operated the venture known as Club Freedom, Inc. This venture charged participants an entry fee for the right to receive compensation from additional members introduced to the club.

7. As a result of the entry fee charged, the Pennsylvania Office of Attorney General commenced an investigation under Unfair Trade Practices and Consumer Protection Law, 73 P.S. §201-1—201-9.2 ("UTPCPL"). To settle the matter with the


Attorney General, Telafor, Normoyle and Sauerman executed an Assurance of Voluntary Compliance ("AVC") with the Commonwealth of Pennsylvania, Office of Attorney General (the "Commonwealth"), which AVC was filed in the Commonwealth Court of Pennsylvania. The AVC contains no admission of wrong doing by any party.

8. Pursuant to the terms of the AVC, the parties were obligated to give written notice to all members that they were entitled to cancel their membership in Club Freedom. Consumers were also entitled to a refund of fees charged. Normoyle, Telafor and Sauerman each agreed to be responsible for one-third of refunds owed.

9. As part of the settlement, Club Freedom and/or Normoyle, Sauerman or Telafor were to transfer $50,000.00 to an escrow account for the purpose of administering any direct refunds to consumers (the "Escrow Account").

10. Club Freedom placed approximately $31,000.00 toward the refunds in the Escrow Account held by Attorney Thayer Lindauer, Esquire, who has administered refunds from the Escrow Account. There is no balance remaining in the Escrow Account.

11. An amount of $19,000.00 must to be added to the Escrow Account to make up the deficit.

12. Additional members have canceled their memberships, thereby entitling them to a refund of membership sums paid. A portion of those refunds paid out have been paid from the Escrow Account

13. Some individuals wishing to cancel their Club Freedom memberships opted to transfer their refund credit over to Integrity at no additional charge to them, thereby obligating and binding Integrity in the future to cover payments to those individuals. To

cover those entrance fees, Integrity was to receive the refunds directly from either Club Freedom, Sauerman, Telafor or Normoyle.

14. Telafor, Normoyle and Sauerman were each liable for one-third of the refunds owing to consumers who canceled their memberships with Club Freedom. As of this time, the amount of refunds, including sums paid and refund credits given for transferring memberships to Integrity are believed to total $353,000.00 ($50,000.00 toward the escrow account and $303,000 in refund credits transferred to Plaintiff herein).

15. Each of the individual parties to the AVC would be responsible for payment of one-third of the $353,000.00 in refund credits given by Integrity.

16. Telafor and Normoyle have paid their shares into the Escrow Account and credited $202,000.00 for transfers of memberships to Integrity. Integrity is therefore still owed $101,000.00 from the remaining party to the venture, Sauerman.

17. Sauerman and/or Club Freedom are therefore obligated to reimburse Integrity the sum of $101,000.00 toward those credits.

## COUNT I - BREACH OF CONTRACT

18. Plaintiff hereby realleges and incorporates herein by reference paragraphs 1 through 17 with the same force and effect as though fully set forth herein.

19. Under the terms of the members' agreement, Defendants are responsible for payment of one-third of the $303,000.00 in refund credits owed to Integrity, viz., $101,000.00. Normoyle and Telafor have complied with the agreement.

20. To date, Defendants Sauerman and/or Club Freedom, Inc. have failed to make payment the above payments.

21. Such failure to pay is a material breach of the agreement by the Defendants and is enforceable by the filing of this complaint.

WHEREFORE, for all of the foregoing reasons, Plaintiff, Integrity, Inc., respectfully requests this Honorable Court to enter judgment in its favor and against Defendants Dayton G. Sauerman and Club Freedom, Inc. in excess of $101,000.00 as follows:

    a.    Judgment against the Defendants in the amount of $101,000.00, representing the Defendants' one-third share of the $303,000.00 in refunds issued by the Plaintiff; and

    b.    Reasonable attorneys' fees, costs and interest, and any other such relief this Court deems just and proper.

## COUNT I - MISREPRESENTATION

22. Plaintiff hereby realleges and incorporates herein by reference paragraphs 1 through 21 with the same force and effect as though fully set forth herein.

23. Under the terms of the members' agreement, Defendants are responsible for payment of one-third of the $303,000.00 in refund credits owed to Integrity, viz., $101,000.00. Normoyle and Telafor have complied with the agreement.

24. Club Freedom and Sauerman represented to Telafor, Normoyle and Integrity that he would be responsible for his share of the consumer refunds owing.

25. To date, Defendants Sauerman and/or Club Freedom, Inc. have failed to make payment the above payments and it is apparent, that despite Sauerman's representations, he never intended to make such payments.

26. Such representations constitute material misrepresentations.

27. Plaintiff has been damaged in the amount of at least $101,000.00 by virtue of Sauerman's representations.

WHEREFORE, for all of the foregoing reasons, Plaintiff, Integrity, Inc., respectfully requests this Honorable Court to enter judgment in its favor and against Defendants Dayton G. Sauerman and Club Freedom, Inc. in excess of $101,000.00 as follows:

c.  Judgment against the Defendants in the amount of $101,000.00, representing the Defendants' one-third share of the $303,000.00 in refunds issued by the Plaintiff; and

d.  Reasonable attorneys' fees, costs and interest, and any other such relief this Court deems just and proper.

Respectfully submitted,

BOHMUELLER & HLADIK, P.C.

By: _____

Stephen M. Hladik, Esquire
Attorney Identification No. 66287
1595 Sumneytown Pike
P.O. Box 148
Mainland, PA 19451-0148
(215) 855-4165

Dated: 5/22/03

# CIVIL COVER SHEET

JS44 (Rev. 3/99)

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE SEPARATE INSTRUCTION SHEET)

## I. (a) PLAINTIFFS

INTEGRITY, INC.
45 John Street
Suite 711
New York, New York 10038

## DEFENDANTS

CLUB FREEDOM, INC., 700 Galen Drive
State College, PA

DAYTON G. SAUERMAN, 700 Galen Drive
State College, PA

**(b)** County of Residence of First Listed: **New York**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed: **Centre**
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorneys (Firm Name, Address, and Telephone Number)
Stephen M. Hladik, Esquire (66287)
BOHMUELLER & HLADIK, P.C.
1595 Sumneytown Pike
P.O. Box 148
Mainland, PA 19451-0148
215-855-4165

Attorneys (If Known)

4:CV 03 0888

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES
(For Diversity Cases Only) (Place an "X" in One Box for Plaintiff and One Box for Defendant)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal of Business In Another State | ☒ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT
(Refer to Instruction sheet)

Please insert Nature of Suit Code: **190**

Please insert Description: **Other Contract - Breach of Contract**

## V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
(Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

Plaintiff files this breach of contract action pursuant to 28 U.S.C. sec. 1332 because the parties are citizens of different states and the amount in controversy exceeds $75,000.00.

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ 101,000.00

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE _____
DOCKET NUMBER _____

DATE: 5/22/03

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

# 4: CV 03 0888

```
Fri May 23 13:15:40 2003

    UNITED STATES DISTRICT COURT

       SCRANTON      . PA

    Receipt No.   333 92142
    Cashier          nina

    Check Number:  1137

    DO Code    Div No
     4667       3

    Sub Acct Type Tender     Amount
    1:510000  N     2         90.00
    2:086900  N     2         60.00

    Total Amount        $    150.00

    BONNELLER & HLADIK  1595 SUMNEYTOWN
  PIKE, LANSDALE, PA  19446

     NEW CASE FF/INTEGRITY VS CLUB FREEDO
  M


        CV
```